UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF FLORIDA
Miami Division

| | |
|---|---|
| **RICK LOVE, M.D.,** *et al.*,   )<br>                                                      )<br>              **Plaintiffs**            )<br>                                                      )<br> **v.**                                             )<br>                                                      )<br> **BLUE CROSS AND BLUE SHIELD**  )<br> **ASSOCIATION,** *et al.*,           )<br>                                                      )<br>              **Defendants**          )<br>                                                      ) | Case No. 03-21296-CIV-MORENO |

### ORDER PRELIMINARILY APPROVING PROPOSED SETTLEMENT AGREEMENT

THE COURT having reviewed and considered the Joint Motion for Preliminary Approval of Settlement, filed on **April 27, 2007,** and having heard oral argument on **May 30, 2007**, approves preliminarily the settlement proposed. In doing so, the Court defers until the Final Fairness Hearing to decide the expected objections raised at oral argument.

The Court concludes that the Settlement is sufficiently within the range of reasonableness to warrant the conditional certification of the settlement Class, the scheduling of the Settlement Hearing and the circulation of notice to putative Class Members.

Conditional Certification of the Class

For purposes of settlement only, pursuant to Federal Rules of Civil Procedure 23(a), 23(b)(2), and 23(b)(3), solely with respect to the Blue Cross and Blue Shield Association ("BCBSA") and Blue Cross and Blue Shield of Alabama, Premera, Premera Blue Cross, PremeraFirst, Inc., LifeWise Health Plan of Washington, LifeWise Health Plan of Oregon, Inc., LifeWise Health Plan of Arizona, Inc., Premera Blue Cross Blue Shield of Alaska, Corp., Medical

Services Corporation of Eastern Washington, NorthStar Administrators, Inc., CareFirst, Inc., Group Hospitalization and Medical Services, Inc., Access America, Inc., The GHMSI Companies, Inc., CareFirst BlueChoice, Inc., Capital Care, Inc., CareFirst of Maryland, Inc., CFS Health Group, Inc., Blue Cross and Blue Shield of Florida, Inc., Health Options, Inc., Hawaii Medical Service Association, The Regence Group, Regence BlueShield of Idaho, Inc., Regence BlueCross BlueShield of Utah, Regence BlueCross BlueShield of Oregon, Regence BlueShield, Regence Life and Health Insurance Company, RegenceCare, Regence HMO Oregon, Regence Health Maintenance of Oregon, Inc., Healthwise, Asuris Northwest Health, Wellmark, Inc. d/b/a Wellmark Blue Cross and Blue Shield of Iowa, Wellmark Health Plan of Iowa, Inc., Wellmark Community Insurance, Inc., Wellmark of South Dakota, Inc. dba Wellmark Blue Cross and Blue Shield of South Dakota, Louisiana Health Service & Indemnity Company dba Blue Cross and Blue Shield of Louisiana, HMO Louisiana, Inc., Blue Cross and Blue Shield of Massachusetts, Inc., Blue Cross and Blue Shield of Massachusetts HMO Blue, Inc., Blue Cross Blue Shield of Michigan, BCBSM, Inc. dba BlueCross BlueShield of Minnesota, HMO Minnesota dba Blue Plus, Comprehensive Care Services, Inc., Blue Cross & Blue Shield of Mississippi, HMO of Mississippi, Inc., Blue Cross and Blue Shield of Montana, Inc., Horizon Healthcare Services, Inc. d/b/a Horizon Blue Cross Blue Shield of New Jersey, Horizon Healthcare Plan Holding Company, Inc., Horizon Healthcare Insurance Company of New York, Horizon Healthcare of New Jersey, Inc., Horizon Healthcare of New York, Inc., Enterprise Holding Company, Inc., AtlantiCare Administrators, Inc., Horizon Healthcare Administrators, Inc., Horizon AtlantiCare LLC, Horizon Healthcare of Delaware, Inc., NASCO of New Jersey, Inc., Empire HealthChoice Assurance, Inc., d/b/a Empire Blue Cross Blue Shield, Empire HealthChoice HMO, Inc., WellChoice Insurance of New Jersey, Inc., WellChoice Holdings of New York, Inc., WellPoint Holding Corp., Blue Cross

and Blue Shield of North Carolina, Hospital Service Association of Northeastern Pennsylvania, HMO of Northeastern Pennsylvania, Triple-S, Inc.; Triple-S, Inc., of Puerto Rico, Triple-C, Inc., Blue Cross Blue Shield of Rhode Island, Blue Cross and Blue Shield of South Carolina, BlueChoice HealthPlan of South Carolina, Inc. f/k/a Companion HealthCare Corporation, Planned Administrators, Inc., Thomas H. Cooper & Co., Inc., BlueCross BlueShield of Tennessee, Inc., Tennessee Health Care Network, Inc., Health Care Service Corporation, Group Health Maintenance Organization, Inc. d/b/a Bluelincs HMO, Group Health Service of Oklahoma, Inc. d/b/a Blue Cross Blue Shield of Oklahoma, HMO New Mexico, Inc., New Mexico Blue Cross and Blue Shield, Inc. d/b/a Blue Cross and Blue Shield of New Mexico, New Mexico Blue Cross and Blue Shield, Inc., Hallmark Services Corporation, BCI HMO, Inc., HCSC Insurance Services Corporation (collectively, the "Blue Parties"), and the other Released Parties, the action styled as <u>Love, et al. v. Blue Cross and Blue Shield Ass'n, et al.</u>, (formerly, <u>Thomas, et al. v. Blue Cross and Blue Shield Ass'n, et al.</u>), Case No. 03-21296-CIV-MORENO/SIMONTON (the "Action") is conditionally certified as a class action on behalf of the following persons (collectively, the "Class" and each member of the Class a "Class Member"):

> any and all Physicians, Physician Groups and Physician Organizations who provided Covered Services to any Plan Member or services to any individual enrolled in or covered by a Plan offered or administered by any Person named as a defendant in the Complaint or by any other primary licensee of the BCBSA or by any of their respective current or former subsidiaries or Affiliates, in each case from May 22, 1999 through the Preliminary Approval Date.  The Class shall exclude: (i) all Persons who, in accordance with the terms of this Agreement, execute a timely request for exclusion (Opt-Out) from the Class; and (ii) the Blue Parties, their Affiliates and any of their officers, directors and employees.

Representative Plaintiffs are conditionally appointed as representatives of the Class. Class Counsel are appointed and designated as counsel for the Class. This conditional certification of the Class appointment of the Representative Plaintiffs as representatives of the Class and appointment and designation of Class Counsel as counsel for the Class are solely for purposes of effectuating the Settlement. If the Settlement Agreement is terminated or is not consummated for any reason, the foregoing conditional certification of the Class, appointment of the Representative Plaintiffs as representatives of the Class, and appointment and designation of Class Counsel as counsel for the Class shall be void and of no effect and the Parties to the Settlement Agreement and/or any Blue Party terminating its participation in the Settlement Agreement in accordance with its terms, shall be returned to the status each occupied before entry of this Order without prejudice to any legal argument that any of the Parties to the Settlement Agreement might have asserted but for the Settlement Agreement.

Based on the Court's review of the Joint Motion and supporting materials, the Court conditionally finds that the proposed Class satisfies Rule 23(a), 23(b)(2), and 23(b)(3) of the Federal Rules of Civil Procedure.

<u>Settlement Hearing; Right to Appear and Object</u>

A Settlement Hearing shall take place before the Court on Wednesday November 14, 2007, at 10:00 a.m. in the United States Courthouse, Courtroom IV, Tenth Floor, Federal Justice Building, 99 Northeast Fourth Street, Miami, Florida, 33132 to determine:

      (a)    whether the Court should certify the Class and whether the Court should find the Representative Plaintiffs and Class Counsel as adequate representatives of the Class and counsel for the Class, respectively;

(b) whether the Settlement, on the terms and conditions provided for in the Settlement Agreement, should be finally approved by the Court as fair, reasonable, and adequate;

(c) whether the Released Claims of the Class Members and Signatory Medical Societies asserted in the Action should be dismissed on the merits and with prejudice as to the Blue Parties;

(d) whether the Court should permanently enjoin the assertion of any Claims that arise from or relate to the subject matter of the Action against Released Parties by the Class Members or any other Persons;

(e) whether the application for attorneys' fees, costs, and expenses to be submitted by Class Counsel in connection with the Settlement Hearing should be approved;

(f) whether the application for payments to Representative Plaintiffs and Representative Plaintiffs in Other Actions to be submitted in connection with the Settlement Hearing should be approved;

(g) whether each Tag-Along Action should be dismissed with prejudice as to Released Claims against the Blue Parties, with the exception of any Tag-Along Action with respect to any named plaintiff who or which has timely submitted an Opt-Out request;

(h) whether the Court should permanently enjoin the assertion of Claims by the Releasing Parties that arise from or relate to conduct by the Released Parties that occurred on or before the Effective Date of the Settlement Agreement, except for Claims for damages against Defendants in the Action that are not Parties, relating to providing Covered Services to Blue Plans' Plan Members in connection with the BlueCard Program and other similar national account delivery programs governed by BCBSA (including but not limited to NASCO-to-NASCO arrangements; and

    (i) such other matters as the Court may deem necessary or appropriate.

  The Court may finally approve the Settlement Agreement at or after the Settlement Hearing with any appropriate modifications agreed to by the Parties and without further notice to the Class Members.

  Any putative Class Member who or which has not timely and properly provided notice of an election to Opt-Out of the Class and the Settlement Agreement in the manner set forth below, and any other interested Person, may appear at the Settlement Hearing in person or by counsel and be heard, to the extent allowed by the Court, either in support of or in opposition to the matters to be considered at the Settlement Hearing, provided, however, that no Person who or which has elected to Opt-Out of the Class and the Settlement Agreement shall be entitled to object; and provided further that no Person shall be heard, and no papers, briefs, or other submissions shall be considered by the Court in connection with the Court's consideration of those matters, unless on or before October 1, 2007, such Person:

    (a) files with the Court a written statement of objection setting forth such Person's objections to the matters to be considered and the basis therefore, together with all other support, papers, or briefs that he, she, or it wishes the Court to consider. If any Person making an objection wishes to appear at the Settlement Hearing, they must also file a written notice of intention to appear; and

    (b) serve copies of all such materials either by hand or overnight delivery upon the following counsel:

>Edith M. Kallas
>Joe R. Whatley, Jr.
>Joseph P. Guglielmo
>WHATLEY DRAKE & KALLAS LLC
>1540 Broadway, 37th Floor
>New York, New York 10036
>
>Archie Lamb, Jr.
>LAW OFFICES OF ARCHIE LAMB, LLC
>2017 Second Avenue North, 2nd Floor
>Birmingham, Alabama 35203
>
>Harley S. Tropin
>Kozyak Tropin & Throckmorton, P.A.
>2525 Ponce de Leon Blvd., 9th Floor
>Miami, Florida 33134
>
>And
>
>Michael A. Pope
>MCDERMOTT WILL & EMERY LLP
>227 W. Monroe Street
>Chicago, IL 60606
>
>Chester T. Kamin
>JENNER & BLOCK LLP
>330 North Wabash
>Chicago, IL 60611

All responses by the Parties to objections shall also be served by hand or overnight delivery on the objecting Person or his, her, or its attorney no later than fifteen (15) days before the Settlement Hearing. Objectors' papers may be supplemented ten (10) days prior to the Settlement Hearing following the filing of any responsive papers by the Parties and served in the manner and on counsel described above.

 The Court may adjourn the Settlement Hearing, including the consideration of the application for attorneys' fees, costs and expenses, without any additional notice to putative Class Members other than an announcement in open court.

<u>Form and Timing of Notice</u>

No earlier than thirty (30) days and no later than sixty (60) days after entry of this Order, Class Counsel and the Blue Parties through the Notice Administrator shall cause copies of the Notice of Class Action and Proposed Settlement in the form attached as Exhibit E to the Settlement Agreement (the "Mailed Notice"), the form of which is hereby approved, and in the case of Class Members who are individuals, including the claim form substantially in the form attached as Exhibit A to the Settlement Agreement (the "Claim Form"), the form of which is hereby approved, to be mailed by first-class mail, postage pre-paid, to all putative Class Members who can be identified with reasonable diligence from (a) solely in the Blue Plans' discretion, the Blue Plans' books and records, at their last known address appearing in such books and records, and/or (b) records maintained by the American Medical Association (the "AMA") and/or a vendor associated therewith, to the extent that such records can be obtained for this purpose within the schedule for notice provided in this Order. The Notice Date (the "Notice Date") shall be the date on which the notice is first mailed or published.

No earlier than thirty (30) days and no later than sixty (60) days after entry of this Order, Class Counsel and the Blue Parties through the Notice Administrator shall cause to be published three times in the legal notices sections of the national editions of *The Wall Street Journal* and *USA Today*, a summary notice substantially in the form attached as Exhibit G to the Settlement Agreement (the "Published Notice"), the form of which is hereby approved. To the extent reasonably feasible within the schedule contemplated by this Order, Class Counsel and the Blue Parties through the Notice Administrator shall cause the Published Notice to be published in a nationwide periodical addressing issues of concern to physicians, such as *The Journal of the American Medical Association* or *The American Medical News*. If publication in one or more

said publications on the foregoing schedule is not practicable, then either Class Counsel or the Blue Parties may apply to the Court for alternative notice by publication.  In addition, no later than thirty (30) days prior to the Opt-Out Deadline and continuing through the Final Order Date, each Blue Plan shall publish the Mailed Notice on its Public Website.

Beginning on the earliest date that notice is provided pursuant to this Order and continuing through the deadline for putative Class Members to return a completed Claim Form (as that date is specified in the Settlement Agreement), Blue Parties and Class Counsel shall make available to putative Class Members printable versions of the Mailed Notice and the Claim Form on the public websites maintained by or on behalf of the Blue Plans and at least three of the law firms serving as Class Counsel in the Action.

Prior to the Settlement Hearing, Class Counsel and the Blue Parties shall serve and file a sworn statement attesting to compliance with this Order.  Costs of providing the notice to the Class that is specified in this Order shall be paid as set forth in the Settlement Agreement.

The notice to be provided as set forth in this Order is hereby found to be the best means of notice to putative Class Members that is practicable under the circumstances and, when completed, shall constitute due and sufficient notice of the Settlement, the Settlement Agreement and the Settlement Hearing to all Persons affected by and entitled to participate in the Settlement, the Settlement Agreement or the Settlement Hearing, in full compliance with the requirements of due process and the Federal Rules of Civil Procedure.

All notices to any Party (including without limitation any designations made by Class Counsel pursuant to the Settlement Agreement) required under the Settlement Agreement shall be sent by first class U.S. Mail, by hand delivery, or by facsimile, to the recipients designated in the Settlement Agreement.  Unless otherwise specifically stated, timeliness of all submissions and

notices shall be measured by the date of the postmark.  The Persons designated to receive notices under the Settlement Agreement are as follows (unless the addressee refuses or intentionally or willfully delays receipt, or unless notification of any change to such designated is given to each other Party to the Settlement Agreement pursuant to Section 5 of the Settlement Agreement).

Representative Plaintiffs and Signatory Medical Societies:  Notice to be given to Class Counsel on behalf of Representative Plaintiffs and Signatory Medical Societies.

Class Counsel:

> Edith M. Kallas
> Joe R. Whatley, Jr.
> Joseph P. Guglielmo
> WHATLEY DRAKE & KALLAS, LLC
> 1540 Broadway, 37th Floor
> New York, New York  10036
>
> Archie Lamb, Jr.
> LAW OFFICES OF ARCHIE LAMB, LLC
> 2017 Second Avenue North, 2nd Floor
> Birmingham, Alabama  35203
>
> Harley S. Tropin
> Kozyak Tropin & Throckmorton, P.A.
> 2525 Ponce de Leon Blvd., 9th Floor
> Miami, Florida 33134

Blue Parties:

> Michael A. Pope
> MCDERMOTT WILL & EMERY LLP
> 227 W. Monroe Street
> Chicago, IL 60606
>
> Chester T. Kamin
> JENNER & BLOCK LLP
> 330 North Wabash
> Chicago, IL  60611

<u>Ability of Putative Class Members to Opt-Out of Settlement Class</u>

All putative Class Members who or which wish to Opt-Out of the Class and the Settlement must do so by sending written notice of their election to Opt-Out to the Notice Administrator at the address and in the manner set forth in the notices to be provided pursuant to this Order.  To be considered proper and timely, a complete, signed Opt-Out request must be postmarked by no later than **September 14, 2007** (the "Opt-Out Deadline").  Prior to the Settlement Hearing, Class Counsel or their designee shall submit to the Court a sworn statement setting forth the names and addresses of each putative Class Member who or which has properly and timely elected to Opt-Out of the Class and the Settlement.

The Court reserves the right to extend the Opt-Out Deadline to the date of the Final Fairness Hearing, **November 14, 2007 at 10:00 AM**, if class members specifically request so in writing no later than **September 4, 2007**.  Any putative Class Member who or which does not properly and timely Opt-Out of the Class shall be included in such Class and, if the Settlement is approved and becomes effective, shall be bound by all the terms and provisions of the Settlement Agreement, including but not limited to the releases, waivers, and covenants not to sue described therein, whether or not such Person shall have objected to the Settlement and whether or not such Person makes a claim upon, or participates in, the Settlement Fund or the other benefits to the Class to be provided under the Settlement Agreement.

<u>Other Provisions</u>

All discovery and any other proceedings in the Action against or concerning the Released Parties in the Action, except with respect to discovery from the BCBSA as set forth in Exhibit O to the Settlement Agreement, and other than proceedings as may be necessary to carry out the terms and conditions of the Settlement, are hereby stayed and suspended until further order of the

Court. Pending final determination of whether the Settlement and the Settlement Agreement should be finally approved and the Class permanently certified, all putative Class Members and Signatory Medical Societies are hereby barred and enjoined from commencing or prosecuting any action asserting any Released Claims, and any other action or proceedings brought by any putative Class Members or Signatory Medical Societies asserting any Released Claims are hereby stayed and suspended until further order of the Court.

All discovery and any other proceedings against or concerning the Blue Parties in Tag-Along Actions asserting any Released Claim, other than proceedings as may be necessary to carry out the terms and conditions of the Settlement, are hereby stayed and suspended until further order of the Court.

No discovery with regard to the Settlement or the Settlement Agreement shall be permitted other than as may be directed by the Court upon a proper showing by the Person seeking such discovery by motion properly noticed and served in accordance with this Court's Local Rule 7.1.

Pending entry of an Order setting forth the final determination of the Court with respect to the Parties' application for final approval of the Settlement, the Released Parties are hereby relieved from the date of this Order and going forward, of any and all obligations to preserve documents and evidence with respect to Released Claims, including any obligations to preserve Future Documents under the Agreed Order For Preservation of Records entered on April 27, 2006 in this Action, or any similar obligations to preserve future documents relating to Released Claims in any Tag-Along Action. This Order does not relieve any Party from their obligations under the Agreed Order for Preservation of Records as entered in and applicable to <u>Solomon, et al.</u> v. <u>Blue Cross and Blue Shield Ass'n</u>, *et al.*, Case No. 03-22935-CIV-MORENO.

The Blue Parties are authorized to communicate with putative Class Members and Signatory Medical Societies regarding the provisions of the Settlement Agreement (including, but limited to, the Blue Parties' right to withhold all Settlement benefits from putative Class Members who or which Opt-Out of the Class and the Settlement) so long as such communications are not inconsistent with the agreed upon communications concerning the Settlement Agreement. The Blue Parties shall refer to the Settlement Administrator or to Class Counsel any inquiries from Class Members about claims to be filed under the Settlement Agreement.

Any putative Class Member may enter an individual appearance in this Action, at his, her, or its own expense.  Any putative Class Member who or which does not enter an individual appearance will be represented by Class Counsel.

Neither the Settlement, nor the Settlement Agreement nor any provision therein, nor any negotiations, statements, or proceedings in connection therewith shall be construed as, or be deemed to be evidence of, an admission or concession on the part of any of the Representative Plaintiffs, the Signatory Medical Societies, Class Counsel, any putative Class Members, the Blue Parties, or any other Person of any liability or wrongdoing by them, or that the claims and defenses that have been, or could have been, asserted in the Action were or were not meritorious, and neither the Settlement, the Settlement Agreement, nor any such communications shall be offered or received in evidence in any action or proceeding, or be used in any way as an admission or concession or evidence of any liability or wrongdoing of any nature or that Representative Plaintiffs, the Signatory Medical Societies, any Class Member, the Blue Parties, or any other Person has or has not suffered any damage.

In the event that the Settlement Agreement is terminated by Class Counsel or by all Blue Parties or is not consummated for any reason, the Settlement and all proceedings had in

connection therewith shall be null and void, except to the extent expressly provided to the contrary in the Settlement Agreement, and without prejudice to the rights of the Parties to the Settlement Agreement before it was executed.  In addition, in the event any individual Blue Party terminates its participation in the Settlement Agreement in accordance with its terms and provisions, then this Order and all orders entered in connection therewith, shall be rendered null and void as to the terminating Blue Party.

DONE AND ORDERED after a hearing in open court at the United States District Courthouse in Miami, Florida, on __May 30, 2007__, and signed this ___31st____ day of ____MAY_____, 2007.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE