UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 03-21296-CIV-MORENO

RICK LOVE, M.D., *et al.*,

    Plaintiffs,

vs.

BLUE CROSS AND BLUE SHIELD ASSOCIATION, *et al.*,

    Defendants.
_____/

### ORDER GRANTING SETTLING DEFENDANTS' MOTION FOR ORDER ENJOINING THE CENTER FOR RESTORATIVE BREAST SURGERY, LLP, SCOTT K. SULLIVAN, JR., & FRANK DELLACROCE FROM PROSECUTING THEIR STATE COURT ACTIONS

THIS CAUSE came before the Court upon Settling Defendants' Motion for an Order Enjoining the Center for Restorative Breast Surgery, LLP, Scott K. Sullivan, Jr., & Frank Dellacroce from Prosecuting Their State Court Actions **(D.E. No. 1213)**, filed on **January 25, 2008**.

The Center for Restorative Breast Surgery ("CRBS") has more than 70 lawsuits pending in Louisiana state court (the "Louisiana Lawsuits"). CRBS filed the first lawsuit in 2006. All of the lawsuits name Blue Cross Blue Shield ("BCBS") entities as defendants. Many of these BCBS entities are party to the pending settlement in this lawsuit which this Court preliminarily approved on May 31, 2007 **(D.E. No. 945)**. CRBS seeks in the Louisiana Lawsuits (1) reimbursement for fee for service physician charges that CRBS claims were improperly diminished or denied by the BCBS entities and (2) statutory penalties under Louisiana's prompt pay statute.

This Court's Preliminary Approval Order **(D.E. No. 945)** of the pending *Love* settlement enjoins all those claims that the proposed Settlement Agreement **(D.E. No. 928 at Exhibits 2-6)** releases. Section 13.1 of the Settlement Agreement defines those claims released by the Settlement Agreement. The first sentence of Sentence 13.1 provides in pertinent part:

> Upon the Effective Date, the "Released Parties," . . . shall be released and forever discharged by . . . all Class Members . . . (collectively, the "Releasing Parties") from any and all causes of action, judgments, liens, indebtedness, costs, damages, obligations, attorneys' fees, losses, claims, liabilities and demands . . . arising on or before the Effective Date, that are, were or could have been asserted against any of the Released Parties by reason of, arising out of, or in any way related to any of the facts, acts, events, transactions, occurrences, courses of conduct, business practices, representations, omissions, circumstances or other matters referenced in the Action, or addressed in this Agreement, whether any such Claim was or could have been asserted by any Releasing Party on its own behalf or behalf of other Persons, or to the business practices that are the subject of § 7.

The second sentence of Section 13.1 begins: **"This includes, without limitation and as to Released Parties only, any aspect of any fee for service claim submitted by any Class Member to a Blue Plan**[.]"

The use of the word "includes" in the second sentence of Paragraph 13.1 indicates that the second sentence expands, rather than limits, the scope of the release. The second sentence prevents any Class Member from suing a Released Party over "any aspect of a fee for service claim." CRBS is a Class Member. The Louisiana Lawsuits involve fee for service claims made by CRBS against BCBS entities, which are Released Parties. The Louisiana Lawsuits therefore violate sentence two of Section 13.1 in the Settlement Agreement **(D.E. No. 928 at Exhibits 2-6)** and this Court's Preliminary Approval Order **(D.E. No. 945)**.

Notwithstanding sentence two of Section 13.1, this Court further holds that sentence one releases CRBS' claims against the BCBS entities. The first sentence of Section 13.1 releases all those claims that "are in any way related" to "any of the facts, acts, events . . . [or] representations . . . referenced in the Action." The Louisiana Lawsuits involve claims against the BCBS entities that the BCBS entities did not pay CRBS as much as it agreed to pay pursuant to the agreements made between CRBS and the WellPoint Defendants. The *Managed Care Litigation* involves claims that health insurance companies improperly denied and diminished insurance claims made by doctors in violation of the agreements made between the doctors and insurance companies. The claims made in the *Managed Care Litigation* and the Louisiana Lawsuits involve related factual allegations. That the *Managed Care Litigation* involves a RICO cause of action is of no moment. The Lousiana Lawsuits therefore violate sentence one of Section 13.1 in the Settlement Agreement **(D.E. No. 928 at Exhibits 2-6)** and this Court's Preliminary Approval Order **(D.E. No. 945)**.

It is accordingly ADJUDGED that the Center for Restorative Breast Surgery, LLP, Scott K. Sullivan, Jr., and Frank Dellacroce are enjoined from prosecuting the Louisiana Lawsuits against any of those parties defined as "Released Parties" in the Settlement Agreement **(D.E. No. 928 at Exhibits 2-6)**. The claims against the Released Parties shall be immediately dismissed. This injunction shall remain in effect after this Court enters an order of final approval of the Settlement Agreement.

DONE AND ORDERED in Chambers at Miami, Florida, this 19th day of April, 2008.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies provided to:
Counsel of Record