UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 03-21296-CIV-MORENO

RICK LOVE, M.D., *et al.*,

    Plaintiffs,

vs.

BLUE CROSS AND BLUE SHIELD ASSOCIATION, *et al.*,

    Defendants.
_____/

## ORDER GRANTING THE WELLPOINT DEFENDANTS' MOTION TO ENFORCE INJUNCTION AGAINST THE CENTER FOR RESTORATIVE BREAST SURGERY, LLP IN CERTAIN LOUISIANA STATE COURT ACTIONS

THIS CAUSE came before the Court upon The WellPoint Defendants' Motion to Enforce Injunction Against The Center for Restorative Breast Surgery, LLP in Certain Louisiana State Court Actions **(D.E. No. 1243)**, filed on **February 26, 2008**.

The Center for Restorative Breast Surgery ("CRBS") has more than 70 lawsuits pending in Louisiana state court (the "Louisiana Lawsuits"). CRBS filed the first lawsuit in 2006. Fourteen of the Louisiana Lawsuits name WellPoint subsidiaries as Defendants (the "WellPoint Defendants"). The WellPoint Defendants are party to the WellPoint Settlement that this Court approved **(Master MDL 00-1334 D.E. No. 4671)** on December 27, 2005. CRBS seeks in the Louisiana Lawsuits (1) reimbursement for fee for service physician charges that CRBS claims were improperly diminished or denied by the BCBS entities and (2) statutory penalties under Louisiana's prompt pay statute.

This Court's Order Approving Settlement Among WellPoint, Inc. and Physicians, Physician Groups and Physician Organizations **(Master MDL 00-1334 D.E. No. 4671)** defines those claims released by the settlement. The first sentence of Paragraph 5 provides in pertinent part:

> The "Released Parties," . . . shall be released and forever discharged by . . . all Class Members . . . (collectively, the "Releasing Parties") from any and all causes of action, judgments, liens, indebtedness, costs, damages, obligations, attorneys' fees, losses, claims, liabilities and demands . . . arising on or before the Effective Date, that are, were or could have been asserted against any of the Released Parties by reason of, arising out of, or in any way related to any of the facts, acts, events, transactions, occurrences, courses of conduct, business practices, representations, omissions, circumstances or other matters referenced in the Action, or addressed in this Agreement, whether any such Claim was or could have been asserted by any Releasing Party on its own behalf or behalf of other Persons, or to the business practices that are the subject of § 7.

The second sentence of Paragraph 5 begins: **"This includes, without limitation and as to Released Parties only, any aspect of any fee for service claim submitted by any Class Member to a Blue Plan**[.]"

The use of the word "includes" in the second sentence of Paragraph 5 indicates that the second sentence expands, rather than limits, the scope of the release. The second sentence prevents any Class Member from suing a Released Party over "any aspect of a fee for service claim." CRBS is a Class Member. The Louisiana Lawsuits involve fee for service claims made by CRBS against the WellPoint Defendants, which are Released Parties. The Louisiana Lawsuits therefore violate sentence two of Paragraph 5 in the Order Approving Settlement **(Master MDL 00-1334 D.E. No. 4671)**.

Notwithstanding sentence two of Paragraph 5, this Court further holds that sentence one releases CRBS' claims against the WellPoint Defendants. The first sentence of Paragraph 5 releases all those claims that "are in any way related" to "any of the facts, acts, events . . . [or] representations . . . referenced in the Action." The Louisiana Lawsuits involve claims against the WellPoint Defendants that the WellPoint Defendants did not pay CRBS as much as it agreed to pay pursuant to the agreements made between CRBS and the WellPoint Defendants. The *Managed Care Litigation* involves claims that health insurance companies improperly denied and diminished insurance claims made by doctors in violation of the agreements made between the doctors and insurance companies. The claims made in the *Managed Care Litigation* and the Louisiana Lawsuits involve related factual allegations. That the *Managed Care Litigation* involves a RICO cause of action is of no moment. The Lousiana Lawsuits therefore violate sentence one of Paragraph 5 in the Order Approving Settlement **(Master MDL 00-1334 D.E. No. 4671)**.

It is accordingly ADJUDGED that the Center for Restorative Breast Surgery, LLP, Scott K. Sullivan, Jr., and Frank Dellacroce are enjoined from prosecuting the Louisiana Lawsuits against any of those parties defined as "Released Parties" in the Order Approving Settlement **(Master MDL 00-1334 D.E. No. 4671)**. The claims against the Released Parties shall be immediately dismissed.

DONE AND ORDERED in Chambers at Miami, Florida, this 19th day of April, 2008.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies provided to:
Counsel of Record