UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

**Master File No. 00-1334-MD-MORENO**
**Tag-Along Case No. 03-21296-CIV-MORENO**

IN RE:  MANAGED CARE LITIGATION
_____

RICK LOVE, M.D., *et al.*,

    Plaintiffs,

vs.

BLUE CROSS AND BLUE SHIELD ASSOCIATION,
*et al.*,

    Defendants.
_____/

## ORDER GRANTING IN PART MOTIONS FOR POSTING OF APPEAL BOND

THIS CAUSE came before the Court upon two motions: (1) the Motion to Require Posting of an Appeal Bond by Objectors to the Blue Cross Settlement **(D.E. No. 1476)**, and (2) the Motion to Require Posting of Appeal Bond by Kanawha Urology Associates **(D.E. No. 1427)**.  The Court has considered the motions, the responses, the replies and the pertinent portions of the record, and being otherwise fully advised in the premises, it is **ADJUDGED** that the motion is GRANTED in part.

Plaintiffs and many Defendants in this class action lawsuit entered into two settlements in this case: the Blue Cross Blue Shield Settlement and the Highmark Settlement.  This Order will refer to these settlements as the Settlements.  Several parties lodged objections to the Settlements including (1) Dr. Kapusta, (2) Dr. Merkle, (3) Dr. Weinberger, (4) Tacoma Orthopedic Surgeons and (5) Kanawha Urology Associates.  This Court held hearings regarding the objections.  The Court approved both the Blue Cross Blue Shield Settlement **(D.E. No. 1286)** and the Highmark Settlement **(D.E. No. 1250)**.  The objectors filed appeals regarding the orders approving the Settlements.  The Defendants asked this Court to impose appeal bonds on the Objectors pending the outcome of the appeal.

-2-

The Court believes that appeal and *supersedeas* bonds are appropriate. The Court has broad discretion about whether to impose the bonds. *See* Underwood v. Malony, 245 F.2d 797 (3d Cir. 1957). The Court believes the Objectors' appeals lack merit. The Objectors must demonstrate on appeal that this Court abused its discretion by approving the Settlements. More than 98.6% of the class members support the Settlements. The Settlements provide substantial benefit to the putative plaintiffs. Some of the Objectors have lodged the same objections and appeals to other settlements in the HMO litigation without success. The filing of the appeals by the Objectors delays the effective date of the Settlements until the appeals are decided by the Eleventh Circuit.

The Defendants have asked for $20,494,825 in bonds from all of the parties. This calculation is the interest of the value of the Settlements for the one year anticipated duration of the appeal. The Court reviewed the calculations and the case law. The Court believes that Defendants' calculations are reasonable. However, the Court will impose a smaller bond on the Objectors because twenty million dollars represents a barrier for the Objectors to prosecute the appeals.

Each Objector shall pay a bond of $200,000. Each bond shall represent first an appeal bond and any excess shall represent a *supersedeas* bond. Each Objector shall pay the appeal bond of $200,000 to the Clerk of the Court within 20 days of the date of this Order. The request for an order to show cause why Objectors' counsel should not be sanctioned is DENIED.

DONE AND ORDERED in Chambers at Miami, Florida, this 20th day of August, 2008.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies provided to:
Counsel of Record