UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

**Master File No. 00-1334-MD-MORENO**
**Tag-Along Case No. 03-21296-CIV-MORENO**

IN RE: MANAGED CARE LITIGATION

---

RICK LOVE, M.D., *et al.*,

    Plaintiffs,

vs.

BLUE CROSS AND BLUE SHIELD ASSOCIATION, *et al.*,

    Defendants.

_____/



## ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION AND DISMISSING CASE

A CLASS of doctors alleged that health insurance companies conspired to inflate profits by systematically denying, delaying, and diminishing payments due to them as physicians. Allegedly, the Defendants' scheme involved the manipulation of computerized billing programs. The Plaintiffs allege violations of RICO. The Court finds itself faced with a seventh version of the Plaintiffs' original Complaint, following a Settlement Agreement among many of the original parties. In fact, only non-signatories of the Settlement Agreement remain as Defendants in this case. Because the Plaintiffs' allegations of conspiracy and of the predicate RICO crimes of mail and wire fraud lack adequate specificity, Judge Torres recommended dismissal of this case. The Court agrees.

The Plaintiffs object to Judge Torres' Report and Recommendation, arguing that the Supreme Court determined in *Bridge v. Phoenix Bond & Indemnity Co.* that the heightened pleading

requirements of Rule 9(b) do not apply to claims of mail and wire fraud. 128 S. Ct. 2131 (2008). Nevertheless, that case merely stands for the proposition that first-party reliance is not an *element* of a civil RICO claim predicated on mail or wire fraud. Rule 9(b) most assuredly applies to claims for mail and wire fraud, "requiring that [a] plaintiff identify the fraudulent representations with particularity." *West Coast Roofing & Waterproofing, Inc. v. Johns Manville, Inc.*, No. 07-13421, 2008 WL 2845215 (11th Cir. July 24, 2008) (citing *Brooks v. Blue Cross & Blue Shield*, 116 F.3d 1364, 1380-82 (11th Cir. 1997)).

More importantly, the Sixth Amended Complaint fails to aver sufficient facts to indicate the existence of a conspiracy under prevailing precedent, because it only describes parallel conduct that can easily be explained by a theory of rational independent action. To survive a motion to dismiss, a complaint must contain factual allegations which are "enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true." *Bell Atlantic v. Twombly*, 127 S. Ct. 1955, 1965 (2007). Allegations of parallel conduct must be placed in a "context that raises a suggestion of a preceding agreement, not merely parallel conduct that could just as well be independent action." *Id.*, 127 S. Ct. at 1966.

This matter was referred to the Honorable Edwin G. Torres, United States Magistrate Judge for a Report and Recommendation on Defendants Blue Shield of California, BCBSD, Inc., Blue Cross and Blue Shield of Arizona, and Arkansas Blue Cross and Blue Shield's Joint Motion to Dismiss the Sixth Amended Complaint **(D.E. No. 1545)** as well as Defendants Blue Cross of Idaho Health Service, Inc., Blue Cross and Blue Shield of Kansas, Premier Health, Inc., Blue Cross and Blue Shield of Kansas City, Blue Cross and Blue Shield of Nebraska, HealthNow New York, Inc., Blue Cross Blue Shield of North Dakota, Noridian Mutual Insurance Company, and Blue Cross and

Blue Shield of Wyoming's Motion to Dismiss the Sixth Amended Complaint **(D.E. No. 1543)**. The Magistrate Judge filed a Report and Recommendation **(D.E. No. 1777)** on **February 25, 2009**. The Court reviewed the entire file and record. The Court has made a *de novo* review of the issues that the objections to the Magistrate Judge's Report and Recommendation present, and being otherwise fully advised in the premises, it is

**ADJUDGED** that United States Magistrate Judge Edwin G. Torres's Report and Recommendation **(D.E. No. 1777)** on **February 25, 2009** is **AFFIRMED** and **ADOPTED**. Accordingly, it is

**ADJUDGED** that:

(1) Defendants Blue Cross of Idaho Health Service, Inc., *et al.*, Motion to Dismiss the Sixth Amended Complaint **(D.E. No. 1543)** is GRANTED.

(2) Defendants Blue Shield of California, *et al.*, Motion to Dismiss Sixth Amended Complaint **(D.E. No. 1545)** is GRANTED.

DONE AND ORDERED in Chambers at Miami, Florida, this 26 day of March, 2009.

FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies provided to:
United States Magistrate Judge Edwin G. Torres
Counsel of Record