UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 03-21296-CIV-MORENO

RICK LOVE, M.D. *et al.*,

    Plaintiffs,

vs.

BLUE CROSS AND BLUE SHIELD ASSOCIATION, *et al.*,

    Defendants.

_____/

## ORDER ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION AND DENYING PLAINTIFF'S MOTION FOR DECLARATORY JUDGMENT PERMITTING ERISA SECTION 502(A) ACTION

THE MATTER was referred to the Honorable Edwin G. Torres, United States Magistrate Judge for a Report and Recommendation on Plaintiff Motion for Declaratory Judgment Permitting ERISA Section 502(a) Action **(D.E. No. 1981)**. The Magistrate Judge filed a Report and Recommendation **(D.E. No. 2013)** on **January 12, 2011**. The Court has reviewed the entire file and record. The Court has made a *de novo* review of the issues that the objections to the Magistrate Judge's Report and Recommendation present, and being otherwise fully advised in the premises, it is

**ADJUDGED** that United States Magistrate Judge Edwin G. Torres's Report and Recommendation **(D.E. No. 2013)** is **AFFIRMED** and **ADOPTED**. Accordingly, it is

**ADJUDGED** that:

(1)    Plaintiff's Motion for Declaratory Judgment Permitting ERISA Section 502(a) Action

is DENIED. First, this Court finds that Plaintiff's ERISA claims do not fall outside of the scope of the *Love* Settlement because Plaintiff is a class member, Defendant is a Released Party under the Settlement, and the ERISA claims are Released Claims as they fall under the broad definition of Released Claims contained the Final Approval Order. Second, this Court finds that the notice provided to Plaintiff satisfies constitutional requirements as set forth by the Supreme Court in *Mullane v. Central Hanover Bank & Trust Co.*, 339 U.S. 305, 314 (1950), as the settlement administrator sent notice via first-class mail to potential class members, including Plaintiff, and summary notice was published in several well-circulated periodicals. Finally, this Court finds that the effective date of the *Love* Settlement Agreement is June 22, 2009 and not May 31, 2009. The effective date in the settlement agreement is defined as, "the next business day after the Final Order Judgment is affirmed, all appeals are dismissed, and no further appeal to, or discretionary review in, any court remains." Because the Final Order and Judgment was affirmed and the appeals were dismissed on June 19, 2009, the effective date of the settlement is the next business day, June 22, 2009.

DONE AND ORDERED in Chambers at Miami, Florida, this 28 day of February, 2011.

FEDERICO A. MORENO
CHIEF UNITED STATES DISTRICT JUDGE

Copies provided to:

United States Magistrate Judge Edwin G. Torres