UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 03-21296-CIV-MORENO

RICK LOVE, M.D., *et. al.*,

    Plaintiffs,

vs.

BLUE CROSS AND BLUE SHIELD
ASSOCIATION, *et. al.*,

    Defendants.

_____/

## ORDER DENYING MOTION FOR ORDER TO SHOW CAUSE, DEFERRING RULING ON MOTION FOR INJUNCTION, AND REQUESTING BRIEFING

THIS CAUSE came before the Court upon Louisiana Health Service & Indemnity Company *d/b/a* Blue Cross and Blue Shield of Louisiana's Motion for an Order to Show Cause or, in the Alternative, For an Injunction **(D.E. 2199)**, filed on **October 10, 2019**.

THE COURT has considered the Motion, the Reply, brief oral argument, the pertinent portions of the record, and being otherwise fully advised in the premises, it is

**ADJUDGED** that the Motion for an Order to Show Cause is **DENIED** and a ruling on the Motion in the Alternative For an Injunction is **DEFERRED** until non-party Opelousas General Hospital Authority responds to Blue Cross's Motion. Should Opelousas decline a second and last opportunity to respond, the Court will rule on the Motion before it.

## BACKGROUND

The underlying motion derives from an ongoing antitrust class action in Louisiana state court. Opelousas—a non-party to *In re Managed Care*—filed a complaint in *Opelousas Gen. Hosp. Auth. v. La. Health Serv. & Indem. Co.*, Case No. 16-c-3647 (27th Jud. Dist. Ct. La., Aug.

24, 2016) that asserted individual and class action antitrust claims under state law against Blue Cross. (*See* D.E. 2199-1.) In that case, Opelousas proposed a class definition defined as, *inter alia*, "[a]ll Louisiana healthcare providers" that contracted with Blue Cross of Louisiana and who had one or more medical bills reimbursed pursuant to such contract. *Id.* at 6. At the class certification stage, Blue Cross objected to the proposed class definition on grounds that it improperly included putative class members whose claims were released by the settlement agreement approved by this Court in *Love v. Blue Cross Blue Shield Ass'n*, Case. No. 03-CV-21296, D.E. 1286 (S.D. Fla. Apr. 20, 2008) (the "*Love* Settlement"). Over Blue Cross's objection, the Louisiana state court ultimately issued a judgment adopting Opelousas's proposed class definition. (*See* D.E. 2199-11.)

In the order certifying the class, the Louisiana state court explained that "[c]lass certification is not the proper forum to adjudicate [the] merits of the case" and that "once the class is certified, the Defendant may then assert an affirmative defense based on Res Judicata." *Id.* at 3. The Louisiana state court subsequently granted a suspensive appeal from the judgment certifying the class. (D.E. 2199-12.)[1]

While the appeal was pending in the Louisiana Third Circuit Court of Appeal, Blue Cross filed the underlying motion, which asks this Court to order non-party Opelousas and its counsel to show cause why they should not be held in contempt for knowingly prosecuting claims on behalf of putative class members that were released in the *Love* Settlement. Alternatively, Blue Cross asks this Court to issue an injunction requiring Opelousas and its counsel to cease prosecuting

---

[1] Prior to the hearing on the underlying motion, the Louisiana Third Circuit Court of Appeal affirmed the judgment certifying the statewide class. *Opelousas Gen. Hosp. Auth. v. La. Health Serv. & Indem. Co.*, Case No. 2019-736 (La. App. 3 Cir. 11/12/19). The Court has not been apprised of any subsequent developments in the state case, and any relevant developments should be addressed in briefing responsive to this Order.

claims that were released in the *Love* Settlement and to amend the class definition in the Louisiana lawsuit.

Although Opelousas did not file a written response to Blue Cross's motion, the Court heard limited oral argument from counsel for both parties during a status conference set for a separate matter in *In re Managed Care*.[2] (*See* D.E. 6619 in Case No. 00-01334.) Counsel for Opelousas appeared at the hearing "for the limited purposes of expressing [its] jurisdictional objections" to Blue Cross's motion. *Id.* at 31.

## DISCUSSION

There is no doubt that this Court may enjoin certain litigants from prosecuting in state court claims that were "released" under the terms of various settlements previously approved by this Court in the *In re Managed Care* litigation. *See Original Brooklyn Water Bagel Co., Inc. v. Bersin Bagel Grp., LLC*, 817 F.3d 719, 725 (11th Cir. 2016) (noting that under the All Writs Act, "a federal court may issue an order necessary to interpret and enforce a settlement agreement over which the court has retained jurisdiction or enjoin separate litigation of issues resolved by a class action") (citations omitted). Indeed, the Court issued injunctions on two previous occasions. *See, e.g., In re Managed Care Litig.*, No. 00-1334-MD, 2008 WL 2329448, at *3–5 (S.D. Fla. June 4, 2008) (enjoining state court plaintiff, who was subject to the Wellpoint Settlement, from prosecuting claims released by that settlement); *In re Managed Care Litig.*, 00-1334-MD, 2008 WL 11333988, at *12–13 (S.D. Fla. Apr. 21, 2008) (concluding same), *report and recommendation adopted*, 00-1334-MD, 2008 WL 11333876 (S.D. Fla. May 14, 2008) (adopting Report and Recommendation and enjoining state court plaintiff).

---

[2] After Opelousas's deadline to respond expired, Blue Cross filed a Reply memorandum indicating that Opelousas declined to file a response to Blue Cross's motion on grounds that the motion was not properly served and that Opelousas was not subject to the personal jurisdiction of this Court.

Blue Cross's request here is unique because, for the first time in this litigation, the Court is being asked to enjoin a *non*-party to the *In re Managed Care* litigation from prosecuting "released claims" on behalf of putative class members, which will certainly include *Love* Settlement class members, who are undoubtedly subject to this Court's jurisdiction.[3] Blue Cross asks the Court to "exercise its authority under the All Writs Act" to enjoin non-party Opelousas from prosecuting claims that Blue Cross believes were released in the *Love* Settlement, and to "order [non-party Opelousas] to amend the class definition" in the Louisiana lawsuit "to expressly exclude" *Love* Settlement class members. (*See* D.E. 2199 at 22).

Blue Cross asks for this significant relief without noting that the "authority granted by the All Writs Act . . . is cabined by the Anti-Injunction Act," *Original Brooklyn Water Bagel Co., Inc.*, 817 F.3d at 725 (citation omitted), and without briefing the application of such limitations. The Anti-Injunction Act explicitly bars a federal court from enjoining "proceedings in a State court except as expressly authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments." 28 U.S.C. § 2283. While enjoining a non-party may be necessary in aid of this Court's jurisdiction, or may be necessary to effectuate this Court's prior approval of the *Love* Settlement, the Anti-Injunction Act's "core message is one of respect for state courts." *Smith v. Bayer Corp.*, 564 U.S. 299, 306 (2011). In furtherance of the Supreme Court's federalism concerns, this Court is "obliged to construe the Act's exceptions narrowly." *Original Brooklyn Water Bagel Co., Inc.*, 817 F.3d at 725 (citations omitted). Specifically, this Court may enjoin the Louisiana state court proceedings "only if preclusion is clear beyond peradventure." *Bayer Corp.*, 564 U.S. at 307. But if preclusion does not meet this threshold, then this Court must

---

[3] Based on represensations by Blue Cross and Opelousas, it appears there is no dispute that the certified class in Louisiana, as presently defined, will overlap to some extent with class members subject to the *Love* Settlement. (*See* D.E. 6619 at 34, 38 in Case No. 00-01334.)

defer a ruling on the *res judicata* issue to the Louisiana state court. *See id.*

Enjoining a non-party[4] may indeed be necessary to aid this Court's jurisdiction over settlement class members or may be necessary to effectuate this Court's prior approval of the *Love* Settlement, but in view of the Supreme Court's "constrained approach to nonparty preclusion," *Bayer Corp.*, 564 U.S. at 313 (quoting *Taylor v. Sturgell*, 553 U.S. 880, 898 (2008)), the Court will defer determining whether an injunction is appropriate until Opelousas articluates its position in writing. While the Court recognizes that Opelousas previously declined to respond to Blue Cross's motion, citing improper service of the motion[5] and this Court's lack of personal jurisdiction, the Court grants Opelousas one last opportunity to assert its position, otherwise the Court will rule on the papers before it. By extension, until the Court determines whether it is the correct arbiter to decide the *res judicata* issue, the Court will also defer deciding whether the state antitrust claims advanced in the Louisiana lawsuit are "Released Claims" as defined by the *Love* Settlement.

Indeed, the real issue at the heart of the dispute is whether this Court or the Louisiana state court decides the *res judicata* effect of the *Love* Settlement. Blue Cross argues this Court has exclusive jurisdiction to enforce the *Love* Settlement, and that this Court should look no further than its prior rulings. But in those instances, the state court litigants prosecuting released claims were themselves named plaintiffs or class members in the *In re Managed Care* litigation. *See, e.g., In re Managed Care Litig.*, 2008 WL 2329448; *In re Managed Care Litig.*, 2008 WL 11333988, *report and recommendation adopted,* 2008 WL 11333876. Accordingly, because this

---

[4] At this time, it appears any potential injunction would be limited only to enjoining Opelousas from prosecuting released claims on behalf of *Love* Settlement class members.

[5] The Court finds Opelousas's improper service objection unavailing. *See City Cab Co. of Orlando, Inc. v. All City Yellow Cab, Inc.*, 581 F. Supp. 2d 1197, 1200 (M.D. Fla. 2008) (rejecting as "unpersuasive" the argument that "service by mail was an insufficient manner of serving a nonparty with notice of a civil contempt proceeding").

Court was enjoining parties that it undoubtedly had personal jurisdiction over, by virtue of having approved the *Love* Settlement, the Court never explicitly addressed whether it was the correct arbiter to decide the *res judicata* issue. But here, the Court is being asked to enjoin *non*-party Opelousas, who insists that *res judicata* is not "clear beyond peradventure" under *Bayer Corp.* and *Original Brooklyn Water Bagel Co.*, and thus the issue must be decided by the Louisiana court.[6]

In any event, regardless of how the previous question is resolved, Opelousas is urged to review this Court's prior rulings, which determined that the federal and state antitrust claims asserted in multiple related cases were "Released Claims" under the terms of various settlements this Court approved in *In re Managed Care. See, e.g., Musselman v. Blue Cross & Blue Shield of Alabama*, 13-20050-CV, 2013 WL 4496509, at *3–8 (S.D. Fla. Aug. 20, 2013) (deciding federal antitrust claims were "Released Claims" under the *Love* Settlement), *aff'd*, 684 F. App'x. 824 (11th Cir. 2017) (*per curiam*); *In re Managed Care Litig.*, 2008 WL 11333988, at *3–9 (deciding state antitrust claims were "Released Claims" under the Wellpoint Settlement), *report and recommendation adopted*, 2008 WL 11333876, *aff'd, Klay v. All Defendants*, 309 F. App'x. 294, 295 (11th Cir. 2009) (*per curiam*); *see also In re Managed Care Litig.*, 2008 WL 2329448, at *3–4 (same).

## CONCLUSION

Accordingly, it is

**ADJUDGED** as follows:

(1) The Court **DEFERS** ruling on the Motion in the Alternative For an Injunction

---

[6] This is evidenced by both a letter sent to counsel for Blue Cross, where Opelousas asserted that it will "ensure that no actions are taken with respect to their claims, unless and until it is determined that those claims are not barred by the *Love* settlement" (D.E. 2200-1 at 2), and by assertions made during the status conference, where counsel for Opelousas asserted that it would "be best to leave [*res judicata*] to the Louisiana court, for reasons that were of comity that were expressed in the Brooklyn Water Bagel case by the Eleventh Circuit" (*see* D.E. 6619 at 37–38 in Case No. 00-01334).

and **REQUESTS** that non-party Opelousas General Hospital Authority respond to Blue Cross's Motion in the Alternative For an Injunction **no later than Friday, January 24, 2020**. The response should address Blue Cross's arguments and any other issues raised in this Order. Should Opelousas decline this second and last opportunity to respond, the Court will rule on the papers before it. Regardless of whether Opelousas files a response, Blue Cross must file a Reply in support of its Motion in the Alternative For an Injunction **no later than Friday, February 7, 2020**, which should discuss the issues raised in this Order that were not previously addressed in the underlying Motion. The briefs for each party must not exceed 20 pages and must otherwise comply with the Southern District of Florida Local Rules.

(2) Nothing in this Order precludes the parties from reaching a resolution without this Court's intervention.

(3) The Motion for an Order to Show Cause is **DENIED** because the Court finds no basis at this time to resolve the real issue at dispute under the threat of contempt. Blue Cross is, however, granted leave to refile such motion, but only in the event this Court ultimately issues an injunction and only then if the injunction is not complied with.

(4) Blue Cross must serve a copy of this Order on Opelousas **no later than than Monday, December 30, 2019**.

**DONE AND ORDERED** in Chambers at Miami, Florida, this /9th of December 2019.

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record