UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

**Case Number: 03-21296-CIV-MORENO**

RICK LOVE, M.D., et. al.,

    Plaintiffs,

vs.

BLUE CROSS AND BLUE SHIELD
ASSOCIATION, et. al.,

    Defendants.
_____/

## ORDER DENYING MOTION TO SHOW CAUSE OR FOR A PERMANENT INJUNCTION

THIS CAUSE came before the Court upon Motion for Order to Show Cause or, in the Alternative, Motion for Permanent Injunction (**D.E. 2199**), filed on **October 10, 2019**.

THE COURT has considered the motion, all relevant briefing, oral argument, pertinent portions of the record, and being otherwise fully advised in the premises, it is

**ADJUDGED** that the motion is **DENIED**.

This motion stems from a 2003 case in the Southern District of Florida that was closed in 2013. In 2019, a Louisiana State Court certified a class action against Blue Cross Blue Shield of Louisiana. The lead plaintiff is Opelousas General Hospital Authority and the certified class' definition is "All Louisiana healthcare providers who, as [of] the date of the filing of the instant petition, 1) are citizens of the state of Louisiana, and 2) are contracted with Defendant Louisiana Blue Cross, and 3) have had one or more medical bills reimbursed pursuant to such contract for any services rendered to a patient in the state of Louisiana." Blue Cross now argues that this class definition includes plaintiffs who were parties to an action in this Court and whose claims

were released in the 2008 *Love* settlement. However, Blue Cross did not raise the issue of the *Love* settlement with Opelousas or the Louisiana Court until just before the Louisiana Court entered its final judgment certifying the class (with the above definition). And the Louisiana state court specifically explained that "[c]lass certification is not the proper forum to adjudicate [the] merits of the case" and that "once the class is certified, the Defendant may then assert an affirmative defense based on Res Judicata." *See* D.E. 2199-11. Blue Cross asks this Court to enter an injunction staying the state court proceedings and essentially mandating that the State Court re-define the class to exclude *Love* settlement members.

There is no doubt that this Court may enjoin certain litigants from prosecuting in state court claims that were "released" under the terms of various settlements previously approved by this Court in the *In re Managed Care* litigation. *See Original Brooklyn Water Bagel Co., Inc. v. Bersin Bagel Grp., LLC*, 817 F.3d 719, 725 (11th Cir. 2016) (noting that under the All Writs Act, "a federal court may issue an order necessary to interpret and enforce a settlement agreement over which the court has retained jurisdiction or enjoin separate litigation of issues resolved by a class action") (citations omitted). Indeed, the Court issued injunctions on two previous occasions. *See, e.g.*, *In re Managed Care Litig.*, No. 00-1334-MD, 2008 WL 2329448, at *3–5 (S.D. Fla. June 4, 2008) (enjoining state court plaintiff, who was subject to the Wellpoint Settlement, from prosecuting claims released by that settlement); *In re Managed Care Litig.*, 00-1334-MD, 2008 WL 11333988, at *12–13 (S.D. Fla. Apr. 21, 2008) (concluding same), *report and recommendation adopted*, 00-1334-MD, 2008 WL 11333876 (S.D. Fla. May 14, 2008) (adopting Report and Recommendation and enjoining state court plaintiff).

However, this Court must contend with the limitations of the Anti-Injunction Act, which carefully delineates the three scenarios in which a federal court may enjoin the proceedings of a

state court. As the Supreme Court and the Eleventh Circuit have clearly instructed, those scenarios are "narrow and are not to be enlarged by loose statutory construction." *Chick Kam Choo v. Exxon Corp.*, 486 U.S. 140, 146 (1988) (cleaned up). Blue Cross attempts to justify an injunction in three ways. First, it argues the Anti-Injunction Act does not apply because the Court need not issue a *new* injunction; it can simply enforce its prior settlement order by holding Opelousas in contempt. The Court has already indicated it is not inclined to its contempt powers this way, and so this argument is unavailing. Second, Blue Cross argues that an injunction is proper under the "necessary in aid of jurisdiction" exception to the Anti-Injunction Act. This exception is chiefly used when litigations in both federal and state court concern the same "res"—in other words, where the proceedings closely resemble *in rem* proceedings. *Burr & Forman v. Blair*, 470 F.3d 1019, 1030-32 (11th Cir. 2006). This is plainly unlike the scenario this Court is now faced with, and thus the Court now turns to Blue Cross' third argument that the injunction is necessary to "protect or effectuate [this Court's] judgments."

Analysis of the Anti-Injunction Act's exceptions must begin with the understanding that the Act's "core message is one of respect for state courts." *Smith v. Bayer Corp.*, 564 U.S. 299, 306. The Supreme Court recently and extensively spoke on the "necessary to protect or effectuate" exception (known as the relitigation exception) to the Anti-Injunction Act and its message was clear: When in doubt, let the state court proceed. The Court wrote, "every benefit of the doubt goes toward the state court, . . . an injunction can issue only if preclusion is clear beyond peradventure." *Id.* at 307; *see also Burr & Forman*, 470 F.3d at 1030 ("Any doubt regarding whether the requirements of res judicata have been met will be resolved against interference with the state court proceeding.").

Determining preclusion here requires an interpretation of the *Love* settlement agreement vis-à-vis the Louisiana State Court's class definition. If the class definition includes parties to the *Love* settlement whose claims were released, those claims certainly cannot be relitigated without running afoul of this Court's judgment. But it is difficult to say whether the settlement agreement and the class definition overlap because the issue was only raised at the tail end of class certification proceedings in state court. Opelousas, a non-party to the federal proceeding, contends that Blue Cross only raised the potential *res judicata* issue after Opelousas had already submitted a proposed class definition to the state court. At that point, the argument goes, *res judicata* is more appropriately raised as an affirmative defense rather than at the class certification stage. Thus, this Court would be deciding the *res judicata* issue before the state court has had the opportunity to properly consider it, and before any potential discovery provides more information about the identity of unnamed class members and precise nature of the *Opelousas* class' claims. That is hardly "clear beyond peradventure." *Smith*, 564 U.S. at 307. This is especially so considering that a court does not usually "get to dictate to other courts the preclusion consequences of its own judgment." 18 C. Wright, A. Miller, & E. Cooper, Federal Practice and Procedure § 4405, p. 82 (2d ed. 2002). "Deciding whether and how prior litigation has preclusive effect is usually the bailiwick of the *second* court . . ." *Smith*, 564 U.S. at 307 (emphasis in original).

Of course, Blue Cross asks this Court to enjoin the proceedings because it knows that if Blue Cross disagrees with the state court's ruling, it cannot ask this Court to revisit the issue. *Parsons Steel, Inc. v. First Alabama Bank*, 474 U.S. 518. 524 (1986) ("Once the state court has finally rejected a claim of res judicata, then the Full Faith and Credit Act becomes applicable and federal courts must turn to state law to determine the preclusive effect of the state court's

decision."). Instead, Blue Cross would have to appeal through the Louisiana state court system and then, if appropriate, to the U.S. Supreme Court. But the *possibility* that the Louisiana state court allows an action before it to proceed in a manner that would infringe on this Court's judgments—before that state court has spoken at all about the *res judicata* question, except to say it was appropriate for later consideration—is too remote to justify using the "heavy artillery" that is a federal court injunction of a state court proceeding. *Smith*, 574 U.S. at 307. Neither the state court nor Opelousas is mischievously searching for a way around this Court's power—indeed, Opelousas was a non-party to the federal proceeding and the state court has explicitly noted its willingness to examine whether some class members' claims are released. D.E. 2199-11. Heavy artillery is not necessary. With mere diplomacy, this Court can trust that the exceedingly capable Louisiana state courts will correctly decide the *res judicata* issue.

As a final note, even if this Court concluded an injunction *could* be issued despite the Anti-Injunction Act, Blue Cross has not shown that the Could *should* issue an injunction. *Wolfe v. Safecard Servs., Inc.*, 873 F. Supp. 648, 650 (S.D. Fla. 1995). "A party seeking an injunction must always satisfy the usual equitable tests for an injunction of irreparable injury and absence of an adequate remedy at law." Wright, Miller & Cooper, *Federal Practice and Procedure: Jurisdiction 2d* § 4226, citing *Mitchum v. Foster,* 407 U.S. 225, 243 (1972). Blue Cross is plainly not without an adequate remedy at law—it can and should raise a *res judicata* defense in state court. Additionally, equitable considerations weigh against an injunction here. Because Blue Cross was less than expeditious in bringing the issue to Opelousas' attention, it would be unfair to force a re-definition of the class and restart the process of obtaining class certification, litigating the inevitable appeals, and then proceeding to the substance of the claims.

Ultimately, the Court is not faced with the typical bad faith, multiplicity of suits, or other harassment that would justify the extreme step of a federal injunction of state court proceedings. *See Harrelson v. United States*, 613 F.2d 114, 116 (5th Cir. 1980) (affirming an injunction where "the plaintiff has forced various defendants in and out of course for almost five years"). To the contrary, Blue Cross is already facing anti-trust claims in Louisiana state court by non-released plaintiffs. In keeping with the Anti-Injunction Act's core message of respect for state courts, Blue Cross motion is **DENIED**.

DONE AND ORDERED in Chambers at Miami, Florida, this 11th of March 2021.

*[signature: Federico A. Moreno]*

_____
FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record